UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Block Communications, Inc., *et al.*,                    Case No. 3:18-cv-1315

          Plaintiffs,

v.                                                                                      ORDER

Moorgate Capital Partners, LLC, *et al.*,

          Defendants.

On March 1, 2021, I granted summary judgment in favor of Defendants Moorgate Capital Partners, LLC, Moorgate Securities, LLC, and Defendant-Counterclaim Plaintiff LMC Southeast Cable Partners, LLC, as to each claim in Plaintiffs-Counterclaim Defendants Block Communications, Inc. and BCI Mississippi Broadband, LLC's complaint, except the portion of Count X which seeks appointment of a third party valuation firm, and as to the portion of LMC SE's counterclaim which asserts BCI breached the Management Agreement by failing to participate in the selection process for the third party valuation firm. (Doc. No. 70).

The Management Agreement provides that if the parties are unable to agree on the Terminal Company Enterprise Value of MaxxSouth for purposes of determining the Incentive Fee, "an independent third party valuation firm" shall determine the Terminal Company Enterprise Value "based upon an analysis of the recent prices paid by purchases of similar companies under similar circumstances." (Doc. No. 49-8 at 33).

I ordered the parties to "identify three valuation firms and exchange the names of those firms, ranked in order of preference, on or before April 15, 2021," and stated that if "the parties are unable to agree upon a firm, the parties' first-ranked choices shall select the third-party valuation firm which shall conduct the valuation. That valuation shall constitute the Terminal Company Enterprise Value and shall be used to calculate the Incentive Fee." (Doc. No. 70 at 23).

Neither the parties nor their first-ranked choices were able to agree on a third-party valuation firm. Pursuant to my order, the parties submitted the names of potential evaluators as well as arguments in support of their proposed candidates. The Defendants proposed: (1) Houlihan Lokey, Inc.; and (2) DC Advisory. (Doc. No. 77). The Plaintiffs proposed: (1) Pat Thompson Co., LLC; (2) Kevin P. Coyle; and (3) John Colbert. (Doc. No. 78).

Before I select a valuation firm from among the parties' proposals, I will address Plaintiffs' argument, born of its "mistrust for Moorgate," that "in the event the Court declines to select one of BCI's proposed valuation, BCI asks the Court to order the use of [a] three-valuator method" outlined by Plaintiffs. (Doc. No. 78 at 6). BCI suggests that each side select "one valuator and a third is selected by those two. If the parties cannot agree on a third, then the Court appoints the third valuator," so that "each party [can have] a 'seat at the table.'" (*Id.*).

I see no reason to adopt Plaintiffs' proposal. As an initial matter, I ordered specific performance of the Management Agreement, (Doc. No. 70 at 22-23), and that agreement provides for "an independent third party valuation firm," not a panel. (Doc. No. 49-8 at 33) (emphasis added). Plaintiffs have not identified a legal basis upon which I might have authority to amend the parties' contract in this manner.

Moreover, I already have ordered the parties to select valuation firms and ordered the parties' selections to agree upon another valuation firm. (Doc. No. 75). Neither the parties nor their initial selections were able to agree, requiring me to issue another order directing the parties to

2

propose valuation firms so that I could select one from the entities they proposed. At best, it would be inefficient to repeat that process.

Finally, Plaintiffs' proposed three-valuator panel would substantially increase the costs associated with calculating the Terminal Company Enterprise Value, and Plaintiffs have not shown it would be equitable for me to impose those additional costs. Therefore, I decline to do so.

The parties have produced impressive lists of qualified candidates. While I discuss only the credentials of the two top-ranked candidates, I do not in any way intend to dismiss or minimize the qualifications and achievements of the remaining candidates.

Plaintiffs' top-ranked choice is Pat Thompson. (Doc. No. 78 at 7-10). Briefly, Ms. Thompson has over 40 years of experience in the cable industry, participating in the purchase and sale of hundreds of cable systems while regularly performing valuations of cable companies. She has received numerous industry awards and served on the boards of several cable industry organizations.

Defendants' top-ranked choice is Houlihan Lokey, an investment bank and financial services company based in Los Angeles, California. (Doc. No. 77 at 3-4). Houlihan Lokey has "extensive" experience in cable/broadband as well as mergers and acquisitions involving technology, media, and telecommunications companies. (*Id.* at 4).

After reviewing the parties' submissions and arguments, I select Houlihan Lokey as the third-party valuation firm. While Plaintiffs speculate Houlihan Lokey will be predisposed to utilize valuation methods that bypass the terms of the Management Agreement and produce a larger value, they point to no evidence in the record to support these "belie[fs]." (Doc. No. 81 at 2). As Plaintiffs themselves acknowledge, the Management Agreement valuation criteria is "plain," (*id.*), and I expect the valuation calculations will adhere to those straightforward directives.

Plaintiffs also argue Houlihan Lokey should be disqualified because Bill Fanning, one of Houlihan Lokey's managing directors, previously represented BCI. (*Id.* at 3) ("Who can say whether

Mr. Fanning found his relationship with BCI satisfying, or less than that, or what he learned about BCI that could, perhaps subtly, influence his conclusions."). While the record does not contain sufficient evidence for me to determine whether Fanning's prior relationship with BCI might prevent him from participating in this valuation, Plaintiffs fail to account for the fact that Defendants have demonstrated there are other, qualified individuals at Houlihan Lokey capable of performing the necessary work.

As I noted above, Ms. Thompson has extensive experience in the cable industry and has earned the respect of her colleagues, with industry awards bestowed over several decades. But her experience lies primarily in transactions of a different scope and, therefore, I conclude she is not as well positioned as Houlihan Lokey to undertake the valuation.

The parties shall contact Houlihan Lokey within 14 days of the date of this Order to request that the firm accept the appointment. If Houlihan Lokey accepts the appointment, the firm shall submit a conflict-check report to my chambers via email, Helmick_Chambers@ohnd.uscourts.gov, within 14 days of acceptance.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
