UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Block Communications, Inc., *et al.*,                Case No. 3:18-cv-1315

        Plaintiffs,

v.                                                         ORDER

Moorgate Capital Partners, LLC, *et al.*,

        Defendants.

On January 3, 2022, I selected Houlihan Lokey as the third-party valuation firm required by the provisions of the parties' Management Agreement. (Doc. No. 100). Houlihan Lokey accepted the appointment. (*See* Doc. No. 103 at 4). Plaintiffs-Counterclaim Defendants Block Communications, Inc. and BCI Mississippi Broadband, LLC, and Defendants Moorgate Capital Partners, LLC, Moorgate Securities, LLC, and Defendant-Counterclaim Plaintiff LMC Southeast Cable Partners, LLC, have negotiated changes to Houlihan Lokey's standard engagement agreement, though three categories of changes proposed by Plaintiffs remain in dispute. (*Id.* at 1).

Plaintiffs contend the following changes to the draft engagement agreement are warranted: (1) clarification that, to the extent the determination of the Terminal Company Enterprise Value involves consideration of certain performance projections provided by the parties, the projections provided should be limited to projections up to and including March 31, 2018, and contemporaneously shared with the other parties; (2) inclusion of specific notice of an accounting

standards dispute; and (3) language limiting the determination of the Terminal Company Enterprise Value to "the likely price that would have been received as of the valuation date if MaxxSouth had been sold by a private equity seller . . . ." (Doc. No. 103 at 2-3; Doc. No. 103-1 at 2-5). I conclude Plaintiffs fail to show their proposed changes to the draft engagement agreement are necessary or appropriate.

The Management Agreement provides as follows: "For the avoidance of doubt, in the event there is no Sale of the Company, the Enterprise Value shall be determined based upon an analysis of the recent prices paid by purchasers of similar companies under similar circumstances." (Doc. No. 49-3 at 35). Houlihan Lokey's responsibility is to determine the Enterprise Value pursuant to the letter and spirit of the Management Agreement. Plaintiffs have not demonstrated it would be proper for me to announce a specific interpretation of the pertinent contractual language when the parties' pleadings do not place the meaning of that language in dispute. Therefore, I decline to order the inclusion of the proposed language covered by Plaintiffs' first and third categories of edits.

Moreover, as Defendants argue, (Doc. No. 103 at 7), I see no reason to elevate the parties' dispute over accounting standards above their other valuation disputes. Plaintiffs have not shown it is necessary to include this specific example in the engagement agreement. Nor have they shown Houlihan Lokey is likely to be surprised that parties subject to a court order requiring them to engage in a valuation process with a third-party firm have numerous, vigorous disputes about the scope of the process and the final valuation. I also decline to order the inclusion of the proposed language covered by Plaintiffs' second category of edits.

Defendants have submitted a draft engagement agreement which they represent includes "changes that Block has agreed to, or are changes Block proposed, and adds language to address Block's concerns about disputes between the parties." (*Id.*). Plaintiffs do not dispute this representation. Therefore, I order the parties to submit a final version of the February 2, 2022

3

revised draft engagement agreement, (Doc. No. 103-3), to Houlihan Lokey for its consideration and, if appropriate, acceptance, within seven days of the date of this Order.

    Further, I order the parties to submit a joint status report within 21 days of the date of this Order discussing the status of the engagement agreement, a proposed timeline for the valuation process, and other relevant topics as the parties see fit.

    So Ordered.

                                           s/ Jeffrey J. Helmick
                                           United States District Judge