UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Block Communications, Inc., *et al.*,   Case No. 3:18-cv-1315

    Plaintiffs,

    v.   MEMORANDUM OPINION
    AND ORDER

Moorgate Capital Partners, LLC, *et al.*,

    Defendants.

## I. INTRODUCTION

Plaintiffs and Counterclaim Defendants Block Communications, Inc. and BCI Mississippi Broadband, LLC, (collectively, "BCI"), filed a motion to stay the third-party valuation process, pending their appeal of my denial of BCI's motion to disqualify Houlihan Lokey as the third-party valuation firm determining the Terminal Company Enterprise Value as required by the parties' Management Agreement. (Doc. No. 123). Defendants Moorgate Capital Partners, LLC, Moorgate Securities, LLC, and Defendant-Counterclaim Plaintiff LMC Southeast Cable Partners, LLC, (collectively, "Moorgate"), filed a brief in opposition to the motion. (Doc. No. 124). BCI filed a brief in reply. (Doc. No. 126).

BCI sought to disqualify Houlihan Lokey on the grounds that Houlihan Lokey is "performing a judicial function on behalf of the Court [and] it is held to the same high ethical standards that apply to judges, magistrates, special masters[,] and other neutral decision-makers involved in the judicial process," arguing Houlihan Lokey's impartiality might reasonably be

questioned by an objective observer because Chuck Wiebe, a former managing director at Houlian Lokey, had accepted a position as a managing director with Moorgate Capital. (Doc. No. 115-1 at 2). While I certainly do not question the sincerity of BCI's concerns, I denied BCI's motion after concluding BCI had not presented facts which created an appearance of impropriety or bias, even assuming 28 U.S.C. § 455(a)'s judicial recusal standard applied. BCI filed a notice of appeal of that decision, (Doc. No. 122), before filing the motion for a stay.

For the reasons stated below, I deny BCI's motion.

## II. DISCUSSION

BCI argues a stay is appropriate under Rule 62(d), which provides that "[w]hile an appeal is pending from an interlocutory order . . . that . . . refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

At first glance, this argument may seem out of place, as BCI's briefing in support of its motion to disqualify Houlihan Lokey does not contain a single reference to an injunction. (*See* Doc. Nos. 115-1 and 117). Instead, BCI's motion relied solely on an argument for recusal under § 455(a). But an order denying a motion to recuse pursuant § 455(a) "is not immediately appealable under the collateral order doctrine," leaving BCI to pursue other avenues in support of its efforts to remove Houlihan Lokey.[1] *Mischler v. Bevin*, 887 F.3d 271, 271 (6th Cir. 2018) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-75 (1981)).

---

[1] While BCI did not initially explain why Rule 62(d) provides the appropriate standard in its motion to stay, BCI has argued to the Sixth Circuit Court of Appeals that my order directing specific performance of the valuation provision of the parties' Management Agreement was an order for injunctive relief and that my denial of BCI's motion to disqualify Houlihan Lokey (the third-party firm eventually appointed to perform the valuation) constituted a denial of a request to modify an injunction. *See* Case No. 23-3584, Doc. 17. (*See also* Doc. No. 126 at 24).

But even if I assume Rule 62(d) provides the appropriate standard for consideration of BCI's motion, I conclude they fail to meet their burden to show a stay is appropriate.

A court presented with a motion to stay pending appeal considers the following interrelated factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted). "The first two factors 'are the most critical.'" *Breeze Smoke, LLC v. United States Food & Drug Admin.*, 18 F.4th 499, 503 (6th Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

BCI argues the first factor weighs in its favor because "the arguments in support of disqualification were substantial, and that the appeal will present serious questions for the appellate court's review." (Doc. No. 123 at 4). But resolution of BCI's motion to disqualify was not a particularly close call. As I previously concluded, BCI has not presented any evidence connecting Wiebe and the valuation process – either during his time at Houlihan Lokey or while with Moorgate Capital – and BCI did not identify any case in which a court concluded recusal was appropriate under substantially similar facts. (Doc. No. 119 at 4).

Parties seeking a stay pending an appeal of a court's ruling on injunctive relief "'must demonstrate a strong or substantial *likelihood* or *probability* of success on the merits.'" *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (quoting *Mason Cnty. Medical Ass'n v. Knebel,* 563 F.2d 256, 261 n.4 (6th Cir. 1977)) (emphasis in *Mason Cnty.*). BCI has not presented any new evidence which might call my conclusion into question; nor has it identified "'serious questions'" about the correctness of my decision. (Doc. No. 126 at 6). Therefore, I am not persuaded that BCI has made a strong showing it is likely to succeed on the merits of its appeal.

Next, BCI argues it will suffer irreparable injury if the valuation process is not stayed pending appeal because "judicial impartiality is a vital state interest protected by the Due Process Clause," and courts have held that the violation of the right to due process creates irreparable harm. (Doc. No. 123 at 6). Thus, BCI claims, failure to grant the motion to stay would result in "irreparable harm visited on Plaintiffs from the interim exposure to an improperly skewed judicial or quasi-judicial process." (*Id.* at 7).

But, if this were true, one might expect that federal law would permit a party to take an interlocutory appeal of a judge's denial of the party's motion for recusal. And I already have pointed out that BCI has no right to pursue such an appeal. Further, BCI does not cite to any case in which a court concluded that the denial of a motion for recusal created the potential for irreparable harm sufficient to justify a stay pending an interlocutory appeal. I conclude BCI fails to establish this factor weighs in its favor either.

As the Supreme Court has stated, these first two factors "are the most critical." *Nken*, 556 U.S. at 434. Neither one weighs in BCI's favor and, therefore, I conclude it is unnecessary to consider the remaining two factors.

### III. CONCLUSION

For the reasons stated above, I deny BCI's motion to stay the valuation process pending appeal. (Doc. No. 123).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4